STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CRIMINAL ACTION
                                                  DOCKET NO. CR-98-348

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

JUN 0 4 2001

NANCY DESJARDIN
CLERK OF COURTS

STEVEN SEARLES,

          Petitioner

     v.                                  ORDER ON PETITION FOR POST-
                                         CONVICTION REVIEW

STATE OF MAINE,

          Respondent


On 3/9/98, the petitioner pleaded guilty to charges of operating a motor

vehicle while under the influence (class C) and operating after habitual offender

revocation (class C). Pursuant to a plea agreement, the petitioner received

concurrent sentences of five years to the Department of Corrections, with all but

three years suspended, three years of probation, a $2,000.00 fine, and a loss of license.

In his amended petition for post-conviction review,[1] the petitioner alleges

the following: (1) his plea was involuntary because he was told that if he did not

accept the plea offer, he would receive a six-year sentence and he had only ten

minutes to decide whether to plead; and (2) he received ineffective assistance of

counsel because counsel did not request a continuance of the hearing on the motion

---

[1] The court discussed with counsel with the petitioner present the fact that the undersigned justice also presided at the motion to suppress. The petitioner determined to continue because the hearing on the petition for post-conviction review had been pending for a long period and had been continued more than once.

to suppress. [2]  For the following reasons, the petition is denied.

FACTS

Attorney Dennis Jones was court appointed in 5/97 to represent the petitioner. Attorney Jones has practiced criminal law for 31 years. He met with the defendant on at least two occasions at his office and had numerous telephone calls with the defendant.

Attorney Jones filed a motion to suppress on behalf of the petitioner and alleged that the stop of the petitioner's vehicle, based on a defective tail light, was improper. The defendant was adamant that nothing was wrong with his motor vehicle.

Attorney Jones notified the defendant of the motion list. The petitioner was in charge of notifying the witnesses. Attorney Jones told the petitioner that if they needed to subpoena the witnesses they would do that. See State's Ex. 1. The petitioner's testimony that there was no discussion about subpoenas is contradicted by the letters sent to him by Attorney Jones. Deborah Searles agreed that they were having problems with witnesses because the witnesses had taken time from work to appear for the first hearing, which was continued.

---

2 At the hearing on the petition for post-conviction review, the petitioner attempted to raise an additional issue regarding Attorney Jones's failure to challenge the location of the petitioner's operation of the motor vehicle. Attorney Jones raised this issue at the hearing on the motion to suppress and discussed this issue at the Rule 11 proceeding. See Transcript of Motion to Suppress at 9-19, 22-31; Transcript of Rule 11 Proceedings at 7.

This issue was not raised in the petition filed 1/25/99. No amendment of the petition was requested at the conference on 12/20/99. The court concludes that the petitioner's raising this issue during the second day of trial, nearly two and one-half years after the filing of the petition, is not timely. Defendant's Exhibits 1 and 2 are not admitted.

Attorney Jones met with several of the people who knew that nothing was wrong with the petitioner's car, according to the petitioner. In determining whether a witness would testify at the motion to suppress hearing, one criteria used by Attorney Jones was whether the individual had been drinking at the time of the incident.

The motion to suppress was scheduled in Superior Court on at least three occasions and was not reached. The motion was finally heard on 1/5/98. One witness Attorney Jones particularly had wanted to testify did not appear. Attorney Jones understood that the petitioner would have the witness in court.

The petitioner testified that he asked Attorney Jones if the hearing could be continued so they could subpoena witnesses. Attorney Jones does not recall the defendant's asking him to request a continuance when the witness did not appear. In any event, Attorney Jones was not sure that a continuance would have been granted even if made. The case was old and had been scheduled several times. Further, the witnesses had not been subpoenaed. The petitioner was given an opportunity over the lunch hour to see if he could reach the missing witness. The effort was unsuccessful. See Motion Transcript at 61-62.

Two other corroborating witnesses did testify at trial but these witnesses were not as credible as Attorney Jones had hoped. The two witnesses testified that the plate light was on at the time of the stop. See Trial Transcript at 36, 52. The owner of the vehicle also testified at trial that she kept a box of plate lights in her glove box. See id. at 46. She further testified that she had driven the car 2100 miles to

Tennessee and back in December before this incident. She had not washed the car after the trip. She testified that the car was dirty but not in the area of the plate light. See id. at 47.

Attorney Jones engaged in plea discussions over a period of time. The strategy was to win the motion to suppress. Attorney Jones believed that if the motion to suppress was denied, the petitioner was in "deep water" because the rest of the State's evidence against him would be admissible. The State's case was very strong. There was no issue with regard to operation or alcohol consumption; the petitioner's blood alcohol test was .18%.

Attorney Jones does not recall telling the defendant that if he did not take the plea agreement, he would be sentenced to six years. The defendant had four prior operating under the influence charges and four operating after suspension charges. He was on probation for an habitual offender charge at the time of the new operating under the influence charge. He had an eluding conviction and fifteen other traffic violations. See State's Ex. 2. This plea agreement resolved motions to revoke the petitioner's probation in Lincoln and Kennebec counties. The petitioner's exposure on those probation matters totaled three years and five months.

A plea was first discussed with the petitioner before the hearing on the motion to suppress. Attorney Jones told the petitioner that the plea offer was a reasonable result for this case and that he would very likely serve more time if sentenced after trial. Attorney Jones recommended the plea to the petitioner. The

petitioner took time to discuss the plea with his girlfriend. Although the petitioner was not happy about the situation, he indicated that he was willing to do the plea. In Attorney Jones's opinion, the plea was voluntary and knowing. Based on circumstances of the case and the petitioner's record, Attorney Jones believed the plea agreement was a good result for the petitioner and was in his best interests.

During the Rule 11 proceeding, the judge explained the petitioner's rights to him. See Transcript of Rule 11 Proceedings at 3-5 . The petitioner agreed that he had spoken to Attorney Jones several times. See id. at 8. He was satisfied with the services of his attorney. See id. at 5. He agreed that he was pleading freely and voluntarily. See id.

CONCLUSIONS

Ineffective Assistance of Counsel

The defendant must show first that his counsel's performance fell below the performance that might be expected of an ordinary, fallible attorney and second, that counsel's constitutionally ineffective performance affected the plea process. With regard to the second showing, the defendant must show that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. See Aldus v. State, 2000 ME 47, ¶ 15, 748 A.2d 463, 468; Laferriere v. State, 1997 ME 169, ¶¶ 6-7, 697 A.2d 1301, 1304-05. The defendant has failed to make the required showing. The petitioner was in charge of bringing the witnesses to court. The case had been scheduled several times. The missing witness had not been subpoenaed. The defendant was given an

5

opportunity during lunch to find the witness who did not appear. Under these circumstances, the failure to request a continuance was not ineffective assistance of counsel.

Voluntariness

The defendant received effective assistance of counsel and his plea was voluntary. See Aldus, 2000 ME 47, ¶ 15, 748 A.2d at 468. The plea proceeding produced a "just result" of "the knowing and voluntary entry of a guilty plea by a guilty party." See Laferriere, 1997 ME 169, ¶ 12, 697 A.2d at 1307. Nothing on this record suggests that the plea was not voluntary.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: June 2, 2001

Nancy Mills
Justice, Superior Court

STATE OF MAINE
  vs
STEVEN S SEARLES
  .INE STATE PRISON BOX A
THOMASTON ME 04861

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-1998-00348

**DOCKET RECORD**

PL. ATTY: DAVID CROOK

State's Attorney: DOUGLAS JENNINGS

Filing Document: PETITION
Filing Date: 08/31/1998

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

08/31/1998 FILING DOCUMENT - PETITION FILED ON 08/31/1998

09/01/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/31/1998

CERTIFICATE OF PRISONERS ACCOUNT RECEIVED 9/28/98
09/01/1998 JUDICIAL - REVIEW SENT FOR REVIEW ON 09/01/1998
S KIRK STUDSTRUP , JUSTICE
09/10/1998 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 09/04/1998
S KIRK STUDSTRUP , JUSTICE
DEFENDANT HAS FILED FOR APPT COUNSEL.  DEFENDANT TO FILE CERTIFICATE OF THE INSTITUTION.
WITHIN 45 DAYS OF THE APPOINTMENT OF COUNSEL, THE COUNSEL SHALL FILE AN AMENDED PETITION
OR THAT NO AMENDED PETITION SHALL BE FILED. COPIES TO THE DA AND THE DEFENDANT.
                              COPIES OF ASSIGNMENT ORDER AND APPOINTMENT OF COUNSEL MAILED
TO NATHANIEL  HUSSEY.
09/29/1998 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/28/1998
JEFFREY L HJELM , JUSTICE
NATHANIEL HUSSEY COURT APPOINTED.
12/02/1998 OTHER FILING - OTHER DOCUMENT FILED ON 11/24/1998

PETITION FOR DE NOVO DETERMINATION OF BAIL FILED.                      11/30/98  THIS
MATTER IS NOT PROPERLY BEFORE THE COURT AND ACCORDINGLY, THEPETITION IS DENIED S/THOMAS E.
HUMPHREY, JSC.  COPY MAILED TO DEF.
01/25/1999 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 01/25/1999

AND WITNESS LIST FILED.
01/27/1999 OTHER FILING - TRANSCRIPT ORDER FILED ON 01/26/1999

BY THE STATE. ATTESTED COPY TO TAMMY DROUIN, COURT REPORTER.
01/27/1999 OTHER FILING - TRANSCRIPT ORDER FILED ON 01/26/1999

BY THE STATE. ATTESTED COPY TO JANET COOK, COURT REPORTER.
02/01/1999 MOTION - MOTION FOR EXTENSION OF TIME FILED BY STATE ON 01/29/1998

TO FILE ANSWER.
02/01/1999 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 02/01/1999
JOHN R ATWOOD , JUSTICE
TIME TO FILE RESPONSE INCREASED BY 20 DAYS AFTER THE STATE RECEIVES THE REQUESTED
TRANSCRIPTS.
 /09/1999 OTHER FILING - TRANSCRIPT FILED ON 03/03/1999

MOTION TO SUPPRESS TRANSCRIPT HELD ON 1/5/98
03/12/1999 OTHER FILING - RESPONSE TO PETITION FILED ON 03/11/1999

FILED BY THE STATE.
03/22/1999 OTHER FILING - TRANSCRIPT FILED ON 03/22/1999

RULE 11 TRANSCRIPT.
07/02/1999 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 07/02/1999

07/23/1999 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 07/23/1999
S KIRK STUDSTRUP , JUSTICE
07/23/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/21/1999

TO REPLACE NAT HUSSEY ESQ.
07/23/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/21/1999
DONALD H MARDEN , JUSTICE
DOUGLAS JENNINGS, ESQ. COURT APPOINTED.                    COPY OF FILE TO
COUNSEL.
12/15/1999 HEARING - PCR CONFERENCE SCHEDULED FOR 12/20/1999 @ 10:00

NOTICE TO PARTIES/COUNSEL
12/15/1999 NOTICE - PCR CONFERENCE SENT ON 11/15/1999

12/22/1999 HEARING - PCR CONFERENCE HELD ON 12/20/1999
JOHN R ATWOOD , JUSTICE
Attorney:  DOUGLAS JENNINGS

DA:  PAUL RUCHA
12/22/1999 OTHER FILING - ORDER RESULTING FROM PCR CONF FILED ON 12/20/1999

COPIES TO PARTIES/COUNSEL
12/30/1999 MOTION - MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 12/30/1999

AT STATE EXPENSE.
12/30/1999 OTHER FILING - TRANSCRIPT ORDER FILED ON 12/30/1999

COPY TO COURT REPORTERS JANETTE COOK AND TAMMY DROUIN.
01/04/2000 MOTION - MOTION TO PREPARE TRANSCRIPT GRANTED ON 01/03/2000
DONALD H MARDEN , JUSTICE
02/24/2000 OTHER FILING - TRANSCRIPT FILED ON 02/24/2000

BY JANETTE COOK COURT REPORTER.
03/01/2000 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 03/28/2000 @ 9:00

NOTICE TO PARTIES/COUNSEL
03/21/2000 MOTION - MOTION TO CONTINUE FILED BY STATE ON 03/21/2000

WITH PROPOSED ORDER.
03/22/2000 MOTION - MOTION TO CONTINUE GRANTED ON 03/22/2000
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL
20/2000 HEARING - EVIDENTIARY HEARING NOT HELD ON 03/28/2000

05/10/2000 POST CONVIC. REVIEW - EVIDENTIARY HEARING SCHEDULED FOR 05/10/2000

05/10/2000 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 05/10/2000

CERTIFIED COPY TO SHERIFF DEPT.
05/24/2000 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 05/24/2000

NO OBJ BY STATE
05/24/2000 MOTION - MOTION TO CONTINUE GRANTED ON 05/24/2000

COPY TO PARTIES/COUNSEL                                                    S/MARDEN, J.
10/30/2000 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 11/01/2000 @ 9:00

NOTICE TO PARTIES/COUNSEL
10/30/2000 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 10/30/2000

CERTIFIED COPY TO SHERIFF DEPT.
12/20/2000 POST CONVIC. REVIEW - EVIDENTIARY HEARING SCHEDULED FOR 11/27/2000 @ 9:00

12/20/2000 POST CONVIC. REVIEW - EVIDENTIARY HEARING NOTICE SENT ON 11/30/2000

12/20/2000 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 12/20/2000

CERTIFIED COPY TO SHERIFF DEPT.
12/28/2000 POST CONVIC. REVIEW - EVIDENTIARY HEARING NOT HELD ON 12/27/2000

12/28/2000 POST CONVIC. REVIEW - EVIDENTIARY HEARING CONTINUED ON 12/27/2000

03/28/2001 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/07/2001 @ 1:00

NOTICE TO PARTIES/COUNSEL
03/28/2001 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 03/28/2001

06/21/2001 HEARING - EVIDENTIARY HEARING HELD ON 05/07/2001
           NANCY  MILLS , JUSTICE
           Attorney:  DOUGLAS JENNINGS

           DA:  PAUL RUCHA          Reporter: CASE ENOCH
           STATE'S EXHIBIT'S 1 AND 2 CORRESPONDENCE TO THE DEF AND PLEA AGREEMENT.    DEFENDANT'S
           EXHIBIT- #1 AND #2 COPY OF DEED.
06/21/2001 HEARING - EVIDENTIARY HEARING CONTINUED ON 05/07/2001

           HEARING CONTINUED TO FINISH TESTIMONY AT A LATER DATE.
06/21/2001 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/24/2001

           NOTICE TO PARTIES/COUNSEL
06/21/2001 HEARING - EVIDENTIARY HEARING HELD ON 05/24/2001
           NANCY  MILLS , JUSTICE
           Attorney:  DOUGLAS JENNINGS

           DA:  PAUL RUCHA          Reporter: CASE ENOCH
    '21/2001 FINDING - DENIED ENTERED BY COURT ON 06/06/2001

Printed on: 06/21/2001

STEVEN S SEARLES
AUGSC-CR-1998-00348
DOCKET RECORD

A TRUE COPY
ATTEST: _____
                    Clerk